IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID W. CROW, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2285 |
| | § | |
| AMERICAN ECOLOGY | § | |
| CORPORATION, | § | |
|    Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant American Ecology Corporation's Motion for Summary Judgment [Doc. # 16], to which Plaintiff David W. Crow filed his response in opposition [Doc. # 18], and American Ecology Corporation ("AEC") filed a reply [Doc. # 19]. Based on a careful review of the full record in this case and the governing legal authorities, the Court concludes that Defendant's motion should be **granted**.

**I.     FACTUAL BACKGROUND**

Plaintiff was hired in 1995 to work for AEC, a publicly traded corporation, as its General Counsel. Because the company was experiencing financial difficulties, Plaintiff agreed to work for a lower salary and increased stock options.

The minutes from a November 16, 1995 meeting of the AEC Board of Directors, drafted and signed by Plaintiff, reflect that Plaintiff would be paid an annual salary of $140,000.00 and would receive 150,000 options to buy AEC stock – 50,000 options would vest on that date and the remaining 100,000 options would "vest according to the stock option plan." *See* Minutes of the Board of Directors Meeting, Exh. 1.D., Appendix to AEC's

Motion for Summary Judgment.  The strike price for the options would be "determined by the stock option plan."  *Id.*

The stock option plan in effect at the time Plaintiff's stock options were approved by the AEC Board of Directors was the Amended and Restated 1992 Employee Stock Option Plan (the "1992 Plan").  The 1992 Plan clearly provides that each stock option is subject to early termination in the event the employee's employment is terminated.  Specifically, termination of employment for any reason other than the employee's death causes the stock options to terminate immediately to the extent they are not yet vested.  *See* 1992 Plan, Exh. 1.A., Appendix to AEC's Motion for Summary Judgment, Art. V(e).  To the extent the stock options are already vested, they terminate if not exercised within thirty (30) days after the date the employee's employment is terminated.  *Id.*

Plaintiff resigned his employment with AEC in June 1996, approximately eight months after he began to work for AEC.

In May 2000, Plaintiff's stockbroker contacted AEC to ask about Plaintiff's stock options.  In June 2000, AEC responded that the stock options expired pursuant to the 1992 Plan no later than thirty days after Plaintiff resigned.  In March 2001, Plaintiff responded to AEC's June 2000 letter, contending that his stock options were not subject to the 1992 Plan.

In May 2004, Plaintiff filed this lawsuit, alleging that AEC promised him that his stock options were unrestricted and that AEC had breached a written and oral contract to that effect.  Plaintiff also alleged that AEC fraudulently induced him to enter into his employment contract, never intending to honor its promise regarding the stock options.  Following an

adequate time for discovery, Defendant filed this Motion for Summary Judgment which is now ripe for decision.

## II.   ANALYSIS

### A.   Standard for Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure requires the entry of summary judgment, after an adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).  An issue is material if its resolution could affect the outcome of the case. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co. ,* 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the nonmovant

"only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that "unsworn pleadings do not constitute proper summary judgment evidence"). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th

Cir. 1995); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

B.  **Choice of Law**

The parties agree, and the relevant law provides, that Texas law governs Plaintiff's fraudulent inducement claim.

With reference to the breach of contract claims, the Texas Business Corporations Act provides that the law of the jurisdiction of incorporation governs the internal affairs of a foreign corporation, including matters relating to the corporation's shares. TEX. BUS. CORP. ACT art. 8.02. Although Plaintiff attempts to characterize his breach of contract claims as involving a general employment dispute, the only dispute relates to the stock options and whether they expired no later than thirty days after Plaintiff resigned his employment with AEC. Such disputes regarding an employee's stock options relate to the internal affairs of the corporation. *See, e.g., Munson Trans., Inc. v. Hajjar*, 148 F.3d 711, 713-14 (7th Cir. 1998); *Vannoy v. Verio, Inc.*, 2004 WL 1717368, *4 (N.D. Tex. July 29, 2004) (unpublished). Because the jurisdiction of incorporation governs, and because AEC was incorporated in Delaware, Delaware law governs Plaintiff's breach of contract claims.

C.  **Breach of Contract Claims**

Plaintiff alleges that Defendant breached a written contract for unrestricted stock options. Plaintiff argues that the minutes of the Board Meeting in November 1995 constitutes a written contract. Viewed in the light most favorable to Plaintiff, this argument is without merit. The resolution cited by Plaintiff stated that the AEC corporate headquarters

were being moved to Idaho and that the corporate officers' prior acts "that are within the authority conferred by the foregoing Resolutions" were ratified. *See* Minutes of the Board of Directors Meeting, Exh. 1.D., Appendix to AEC's Motion for Summary Judgment. There is no evidence that raises a genuine issue of material fact that the alleged promise to give Plaintiff unrestricted stock options was an act "within the authority conferred by" resolutions relating to moving AEC's corporate headquarters.[1] Defendant is entitled to summary judgment on Plaintiff's written contract claim.

Plaintiff also alleges that he entered into an oral contract for unrestricted stock options. Defendant is entitled to summary judgment on this claim for a variety of reasons, but the most direct basis for summary judgment is that the oral contract – if proven as alleged by Plaintiff – is barred by Delaware law. Specifically, Delaware law provides that any stock options granted by a Delaware corporation must be approved by the corporation's board of directors and the terms of the stock option agreement, including the times within which the options must be exercised, must be set forth in writing. *See* 8 DEL. C. § 157; *Grimes v. Alteon, Inc.*, 804 A.2d 256, 259 (Del. 2002).[2] It is undisputed that there is no written

---

[1] Additionally, the minutes when considered in their entirety contradict Plaintiff's position regarding the stock option agreement. Specifically, the minutes reflect that the majority of the stock options would "vest according to the stock option plan" and the strike price for all the stock options would be "determined by the stock option plan." *See* Minutes of the Board of Directors Meeting, Exh. 1.D., Appendix to AEC's Motion for Summary Judgment.

[2] In *Grimes*, a shareholder alleged that the corporation's Chief Executive Officer promised to sell the shareholder ten percent of the shares to be issued in a private stock offering. Because there was no evidence of approval of that promise by the Board of Directors and no written instrument containing the terms of the alleged promise, any oral agreement between the shareholder and the corporate officer was unenforceable. *Grimes*, 804 A.2d at 258.

instrument setting forth the terms of the alleged agreement to provide Plaintiff unrestricted stock options.[3]  As a result, Defendant is entitled to summary judgment on Plaintiff's oral contract claim.

### D.  Fraudulent Inducement Claim

Plaintiff alleges that AEC fraudulently induced him to work for them.  "The elements of a fraudulent inducement claim are: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *E.R. Dupuis Concrete Co. v. Penn Mut. Life Ins. Co.*, 137 S.W.3d 311, 320 (Tex. App. – Beaumont 2004, no pet.) (citing *Formosa Plastics Corp. v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

Although there is a dispute regarding whether AEC made the representation regarding unrestricted stock options, Defendant is entitled to summary judgment because Plaintiff cannot show that any alleged reliance on the alleged misrepresentation was justifiable. *See Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). "A party to an arm's length transaction must exercise ordinary care and reasonable diligence for

---

[3]  In addition to the specific arguments addressed in this Memorandum and Order, Plaintiff presents a number of arguments as to both of his breach of contract claims, and as to his fraudulent inducement claim.  These arguments have been carefully considered by the Court and are rejected as frivolous and either unsupported by or contradicted by the record.

the protection of his own interests." *Coastal Bank ssb v. Chase Bank of Texas, N.A.*, 135 S.W.3d 840, 843 (Tex. App. – Houston [1st Dist.] 2004, no pet.). A plaintiff alleging fraud "cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation." *Lewis v. Bank of America, N.A.*, 343 F.3d 540, 546 (5th Cir.), *cert. denied*, 540 U.S. 1213 (2004).

In this case, it is undisputed that Plaintiff is an attorney who was hired by AEC as – and had previously served as – a corporate General Counsel. Plaintiff drafted and signed the minutes of the November 1995 meeting of the Board of Directors which twice linked Plaintiff's stock options to the stock option plan. He was clearly on notice that the stock option plan affected the terms of his stock options. As a result, he was placed on notice that the 1992 Plan was relevant to his stock options and, had he made a cursory examination or investigation, he would have determined that the 1992 Plan contained an early termination provision should his employment with AEC end for any reason other than death. *If* Plaintiff could prove that AEC promised him unrestricted stock options, and *if* he could prove that AEC intended at the time to give him only restricted stock options, the repeated reference in the minutes of the November 1995 board meeting to the stock option plan made Plaintiff's reliance on any alleged promise of unrestricted stock options unjustifiable. Defendant's motion for summary judgment on the fraudulent inducement claim will be granted.

**III.     CONCLUSION AND ORDER**

Plaintiff has failed to present evidence which raises a genuine issue of material fact regarding the existence of a written contract for unrestricted stock options or the existence of an enforceable oral contract. As a result, Defendant is entitled to summary judgment on the breach of contract claims.

Plaintiff has failed to present evidence which raises a genuine issue of material fact regarding his justifiable reliance on any promise for unrestricted stock options. Defendant is entitled to summary judgment on the fraudulent inducement claim, and it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 16] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **13th** day of **June, 2005**.

_____
Nancy F. Atlas
United States District Judge